**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.**

DAYANA GARCIA,

    Plaintiff,

v.

UNIT DOSE SERVICES, LLC.,
a Florida for Profit Company,

    Defendant.
_____/

**COMPLAINT**

Plaintiff, DAYANA GARCIA, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues Defendant, UNIT DOSE SERVICES, INC. (hereinafter, "Defendant") a Florida for Profit Company, and states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), and the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11.

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § § 1331, 1343.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Plaintiff was employed by Defendant in South Florida, which at all material times conducted, and continues to conduct business in the southern District of Florida, and because of the acts that gave rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendant is subject to personal jurisdiction there.

## PARTIES

4. Plaintiff, at all times pertinent to this Complaint, resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise suis juris.

5. Plaintiff is a female and is a member of a class protected under Title VII and the FCRA because the terms, conditions, and privileges of her employment were altered because of her gender.

6. Further, Plaintiff was retaliated against for her complaints of discriminatory conduct, which places her within a class protected under Title VII and the FCRA.

7. Defendant is a corporation organized and existing in Florida with its principal place of business in Florida.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations ("FCHR").

10. Plaintiff's Charge was filed on or about October 1, 2021. The actions complained of herein occurred no more than 300 days before that date.

11. Plaintiff was issued a Notice of Right to Sue on August 30, 2022. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

12. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

13. Plaintiff worked for Defendant from April 2017 to June 4, 2020 and then from October 1, 2020 to August 16, 2021, as a packager.

14. At the beginning of Plaintiff's employment, Plaintiff worked in quality control department, under the supervision of Gabriela Guzman (female)(hereinafter "Guzman").

15. Based on Plaintiff's tenure with the company, positive performance throughout her employment, and positive work history, Plaintiff was fully qualified for her position at the time all discriminatory events complained of herein occurred.

16. While in 2017, there was an incident where Plaintiff was subjected to unwelcomed comments and touching by her co-worker Mr. Juan Pulgarin (hereinafter "Pulgarin"), the same was an isolated incident and at that time, Pulgarin did not have the authority to negatively affect Plaintiff's employment. Accordingly, Plaintiff addressed the situation directly with Pulgarin rejecting his advances and asking him to stop.

17. In February 2021, Defendant announced that Pulgarin was promoted to general supervisor and effectively would be Plaintiff's direct supervisor.

18. While Pulgarin was in training, Pulgarin would often make inappropriate comments about Plaintiff's appearance and other female employees.

19. Furthermore, Plaintiff discovered that Pulgarin was taking pictures and videos of Plaintiff without her knowledge or permission. When Plaintiff confronted Pulgarin about it, he responded that the pictures where for his consumption.

20. Upon information and belief other female employees had reported Pulgarin's inappropriate behavior to the Defendant. However, no disciplinary action was taken by Defendant.

21. In March-April 2021, Pulgarin finalized training and began his role as Plaintiff's direct supervisor.

22. From the outset, Pulgarin treated Plaintiff differently from her male counterparts in virtually all respects of the work environment. Plaintiff was often sent home early, micromanaged, subjected to meritless discipline and her requests for time off were denied.

23. Starting in April 2021, Plaintiff complained to Defendant, specifically Mr. Pierre Mentor ("Mentor") Pulgarin's supervisor, about the harassment and disparate treatment. Specifically, Plaintiff complained that Pulgarin consistently treated her in a disparaging manner, micromanaged her work, moved Plaintiff to different lines, denied Plaintiff's requests for schedule changes, and subjected her to baseless disciplinary actions.

24. Pulgarin then retaliated against Plaintiff for her complaints by issuing disciplinary actions against Plaintiff including sending her home without pay for things which were not violations of policy; and which other, non-females employees were not written up.

25. Plaintiff continued complaining about the harassment, continued disparate treatment, and the intimidation/retaliation to Mentor between July 2021 and through August 15, 2021 all to no avail.

26. On or around August 16, 2021, Plaintiff was terminated without valid cause. The reason provided by Defendant that Defendant was not getting positive results was false.

28. Defendant's reasons for mistreating Plaintiff and ultimately terminating her are pretextual.
27. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

28. Plaintiff is entitled to her reasonable attorney's fees and costs if she is the prevailing party.

**COUNT I**
**VIOLATION OF THE CIVIL RIGHTS ACT OF 1964**
**(DISCRIMINATION BASED ON SEX)**

29. Plaintiff incorporates herein the allegations contained in paragraphs 1–28, inclusive, as though same were fully re-written, and says:

30. Plaintiff brings this action under Title VII for damages caused by Defendant's unlawful employment practices committed against Plaintiff.

31. Plaintiff is a member of a protected class, to wit, female.

32. Plaintiff was qualified for her position in that she had worked for Defendant for more than three years without a negative review.

33. Despite being well-qualified for her position, Plaintiff was terminated on August 16, 2021.

34. 34. Plaintiff's termination and prior disciplinary action constitute adverse employment actions under Title VII of the Civil Rights Act of 1964.

35. Pulgarin, did not treat Plaintiff the same as other male employees as alleged above.

36. Plaintiff's rejection of Pulgarins's sexual advances and/or her sex in general were, at minimum, motivating factors for Pulgarin's decision to issue her the disciplinary actions, and ultimately terminating Plaintiff's employment.

37. Pulgarin, at all times relevant, was acting within the course and scope of his employment.

38. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's sex was a motivating factor in the decision for the adverse employment action(s).

39. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

40. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, bonus(es), benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

41. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of

5

1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Pulgarin and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE**, Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT II
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
## (RETALIATION)

42. Plaintiff incorporates herein the allegations contained in paragraphs 1–28, inclusive, as though same were fully re-written, and says:

43. Plaintiff complained to Defendant's department supervisor Mentor, as set forth above, about the harassment to which she was subjected, the inappropriate behavior Pulgarin had towards female employees in the department, and unfounded disciplinary actions.

44. Upon information and belief, Mentor made Pulgarin aware of the complaints that Plaintiff made against him.

45. As a direct result of Plaintiff's complaints of actions Plaintiff objectively perceived to be discriminatory in nature, Plaintiff was summarily disciplined, treated in a progressively worse manner, and ultimately terminated by Defendant.

46. Plaintiff's termination and prior disciplinary action constitute adverse employment actions under Title VII of the Civil Rights Act of 1964.

47. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Pulgarin and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

48. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

**WHEREFORE**, Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

<u>**COUNT III**</u>
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**(DISCRIMINATION BASED ON SEX)**

49. Plaintiff incorporates herein the allegations contained in paragraphs 1–28, inclusive, as though same were fully re-written, and says:

50. Plaintiff brings this action under the FCRA, for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was treated less fairly than similarly situated employees on the basis of her gender, female.

51. Plaintiff is a member of a protected class, to wit, a female.

52. Plaintiff was qualified for her position in that she worked for Defendant for more than four (3) years, during her employment she had above average results and had not received disciplinary actions until April 2021.

53. Plaintiff received disciplinary actions after her complaints of disparate treatment by Pulgarin and was ultimately terminated on or around August 16, 2021 by Pulgarin.

54. The disciplinary actions, and termination all constitute adverse employment actions under the FCRA because these actions changed the terms, benefits, and conditions of her employment.

55. Pulgarin, at all times relevant, was acting within the course and scope of his employment.

56. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, bonus(es), benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA.

57. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Pulgarin and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE**, Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional

reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;

B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (RETALIATION)

58. Plaintiff incorporates herein the allegations contained in paragraphs 1–28, inclusive, as though same were fully re-written, and says:

59. Plaintiff complained to Defendant's department supervisor Mentor, as set forth above, about the harassment to which she was subjected, the inappropriate behavior Pulgarin had towards female employees in the department, and unfounded disciplinary actions.

60. Upon information and belief, Mentor made Pulgarin aware of the complaints that Plaintiff made against him.

61. As a direct result of Plaintiff's complaints of actions Plaintiff objectively perceived to be discriminatory in nature, Plaintiff was summarily disciplined, treated in a progressively worse manner, and ultimately terminated by Defendant.

62. Plaintiff's termination constitutes an adverse employment action under the FCRA.

63. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Pulgarin and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

64. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

**WHEREFORE**, Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;

B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff DAYANA GARCIA demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: November 29, 2022

/s/ *Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com
**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive, Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

Attorneys for Plaintiff